## RODRIGUEZ vs MORSE.

*When a right is averred on one capacity, and investigated on another, judgment will be given according to the justice of the case.*

APPEAL from the court of the eighth district.

PORTER, J. delivered the opinion of the court. This case differs in no important feature from that just decided against the same defendant, except in the form of the instrument on which the order of seizure and sale was prayed. The appellee now contends, that it is a *vente a remere*, that he is ▆▆▆▆▆▆ recover the property. In his petition to the probate court, he avers the act to be a mortgage; in that to the district court, in which these proceedings have originated, he gives it the same appellation, and asks for execution of it as such. The notes given at the time it was executed, are certified by the notary to be secured by the *mortgage* consented to in the instru-

East'n District
*April*, 1824.

RODRIGUEZ
*vs.*
MOORE.

ment. The plaintiff received these notes, with this instrument on them, and endeavoured to enforce their payment. If notwithstanding all this, he can still be permitted to consider the act as one which conveys to him the property, we are satisfied at least that the enquiry cannot be gone into in this action.

It has been pressed on us that this is a proper case for the application of that rule on which we have frequently acted, that when parties aver rights in one capacity, and proceed to investigate them in another, judgment may be given according to the justice of the case. An examination of all the cases decided on this point, will shew, that the court has uniformly acted on the idea, that when the evidence introduced, did not agree with the allegations in the pleadings, the consent of the party against whom it was offered, to go into an investigation of the merits, was presumed, from his making no opposition to the proof being received. Or that if it was legal evidence in support of the allegations in the petition, and also shewed a right in another capacity, that the proceedings established, the adversary was aware that it was brought in for both purposes; and that an

last'n District.
*April, 1824.*

RODRIGUEZ
*vs.*
MOORE.

investigation was gone into accordingly. 9 *Martin* 317. 11 *ibid* 26, 297, 548. 12 *ibid* 242.

The necessity of adhering strictly to this rule, is most obvious; for a deviation from it would enable one of the parties to take the other by surprise in the appellate court, and deprive him of the opportunity to introduce evidence in opposition to the demand. In this case for example, had the plaintiff informed the defendant, either by the pleadings, or by any thing which occurred at the trial, that he set up a title to the property, we do not know what proof he might have introduced to destroy the pretension. To act upon it now, would be deciding the case upon *ex parte* evidence.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that there be judgment for defendant, with costs in both courts.

*Eustis* for the plaintiff, *Preston* for the defendant.